FILED
JEANNE A. NAUGHTON, CLERK
NOV 14 2019
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KR _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>KLEY F. PERALTA and CARMEN PERALTA,<br><br>Debtors. | Case No. 16-21251 (RG)<br><br>Chapter 7 |
| SANTIAGO H. DAVILA,<br><br>Plaintiff,<br><br>v.<br><br>KLEY F. PERALTA, SUSAN OOI, and 19 MILLARD PLACE, LLC,<br><br>Defendants. | Adv. Pro. No. 16-1682 (RG) |

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**[1]

Defendants Kley F. Peralta ("Debtor"), Susan Ooi and 19 Millard Place, LLC filed a motion to dismiss (the "Motion") the amended adversary complaint ("the Amended Complaint") filed by Santiago Davila. After Judge Gambardella heard argument on the Motion, the Court sua sponte raised the issue of whether it has subject matter jurisdiction over Susan Ooi and 19 Millard Place (the "Non-Debtor Defendants" and with Debtor, "Defendants"). For the reasons set forth below the Court will dismiss the Amended Complaint as to the Non-Debtor Defendants for lack of subject matter jurisdiction. However, the Court will deny the Motion as it pertains to Debtor.

---

[1] By notice placed on the docket on April 10, 2019, I am temporarily handling all matters in this adversary proceeding. See Dkt. No. 80.

## FACTUAL BACKGROUND

Santiago Davila ("Plaintiff") alleges the following facts in the Amended Complaint, which the Court accepts as true for the purposes of the Motion.

Plaintiff and Debtor were involved in several business ventures and investment opportunities between June 2005 to July 2009. Amended Complaint ¶ 10. During that time, Debtor informed Plaintiff that they would purchase goods from China to be sold in Ecuador. Id. ¶ 12. Debtor obtained a license in order to facilitate the purchase and sale of the goods. Id. The business was referred to as the World Trade Center Project (the "Project"). Id. ¶ 15. The goods and shipments were made to Speed Net and Condor Enterprises International ("Speed Net"), a company located in Ecuador and owned by Debtor. Id. ¶ 13.

Plaintiff contributed $21,530.00 of a total amount of $74,937.00 to renovate showrooms for Speed Net. Id. In consideration for the contribution, Debtor told Plaintiff he would receive a 50% interest in the license and 50% shares in the Project. Id. In 2006, Plaintiff invested $12,500.00 in the Project after Debtor promised more shares and listed Plaintiff as a shareholder of the Project. Id. ¶ 14. Debtor had no intention to make Plaintiff a shareholder despite Plaintiff's investment and contribution. Id. ¶ 16. In 2009, Plaintiff expressed his intent to sell his shares. Debtor explained that Plaintiff's shares were not transferrable, and that he never intended to make Plaintiff a shareholder. Id. ¶ 18. Plaintiff attempted to sell his purported shares again later that year, but Debtor rejected his requests on the grounds that the shares could not be transferred, and that Plaintiff was not a shareholder. Id. ¶ 19.

In other business dealings, the parties entered into an agreement whereby Plaintiff purchased properties listed by a real estate agency owned by Debtor. Id. ¶ 22. The properties were located at 574 North 4th Street, Newark, New Jersey (the "574 Property"), and 652 - 658½ Newark Avenue, Jersey City, New Jersey (the "652 - 658½ Property"). Id. ¶ 23. Plaintiff and Debtor agreed

2

to share the net proceeds of any sale 60/40, respectively. Id. ¶ 24. Debtor collected rent for both properties to pay insurance, taxes, mortgage, and other obligations. Id. ¶ 26. The net balance was escrowed for the benefit of Plaintiff. Debtor escrowed $83,035.00 and $21,073.00 on behalf of Plaintiff for the 652 - 658½ Property and the 574 Property, respectively. Id. ¶ 27, 29.

Debtor and Plaintiff also invested in other properties. They invested in a property located at 223 Wainwright Street, Newark, New Jersey (the "Wainwright Property") to renovate and sell. Id. ¶ 30. Plaintiff invested $120,000.00 to renovate the Wainwright Property, and the parties obtained a home equity loan in the amount of $86,357.61. Id. The loan proceeds were used to partially pay Plaintiff's 60% share from the 574 Property and the 652 - 658½ Property. Id. Debtor's secretary was allegedly used as a straw agent to acquire Wainwright Property. Id. Debtor refused to pay the mortgage on the Wainwright Property. Id. After the default, Plaintiff learned that the Wainwright Property had been acquired by a shell company owned by Debtor. Id. ¶ 31. Plaintiff alleges that Debtor defrauded him to acquire the Wainwright Property and deprived him of the remaining balance owed to him from the 574 Property and the 652 - 658½ Property. Id.

Plaintiff and Debtor also entered into a joint venture agreement to purchase the property located at 133 North 10th Street, Paterson, New Jersey (the "133 Property"). Id. ¶ 32. Plaintiff and Debtor contributed $247,000.00 and $83,000.00, respectively, to purchase the 133 Property, which was worth $700,000.00. Id. As with other properties, the parties agreed to split net proceeds 60/40. Id. Plaintiff was responsible for the 133 Property. Id. ¶ 36. The 133 Property was purchased for commercial use, but Plaintiff could not rent it due to environmental issues. Id. Plaintiff defaulted on the mortgage due to the inability to rent the property. Id. Plaintiff asked Debtor to contribute to 133 Property, but Debtor declined and convinced Plaintiff to file for bankruptcy. Id. ¶ 36, 37. Later, Plaintiff discovered that Ooi, a manager at Speed Net, was used as a straw agent to acquire the 133 Property at a foreclosure sale during Plaintiff's bankruptcy case. Id. ¶ 38.

3

Following these events, Plaintiff filed a lawsuit in state court against various defendants, including Debtor. Id. ¶ 40. Debtor later filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Id. ¶ 47. On September 6, 2016, Plaintiff filed a complaint against Debtor. Judge Gambardella entered an order (the "Amendment Order") allowing Plaintiff to file an amended complaint, which was filed on June 21, 2018. Adv. Pro. Dkt. No. 70, 72. The Amended Complaint added the Non-Debtor Defendants and asserts three causes of action. Count one asserts a claim against Debtor only, under section 523(a)(4) of the Bankruptcy Code; count two asserts a claim against all Defendants under sections 523(a)(4) and (a)(6); and count three, while not specified, appears to assert a claim under section 523(a)(4) against all Defendants.

Defendants filed the Motion, arguing that the Amended Complaint violated the Amendment Order because the allegations in the Amended Complaint differed from those in the "proposed amended complaint" permitted by the Court. See Amendment Order, Dkt. No. 70. Defendants also argue that: (1) Plaintiff lacks standing; (2) the claims are legally insufficient under Rule 12(b)(6); (3) the applicable statute of limitations has expired; (4) the Amended Complaint fails to plead fraud with particularity; (5) the Amended Complaint should be dismissed for failure to join a party under Rule 12(b)(7); and (6) the Amended Complaint is impermissibly vague and ambiguous. Plaintiff's reply merely contradicts each argument raised in the Motion.

On the issue of subject matter jurisdiction, Defendants argue that the Courts lacks "related-to" jurisdiction over the Non-Debtor Defendants because both Plaintiff and the Non-Debtor Defendants are non-debtor parties engaged in a dispute in the bankruptcy court, and resolution such dispute would have no impact on Debtor's bankruptcy estate. Plaintiff, on the other hand, asserts that the Court has core jurisdiction because the claims assert substantive rights arising under

4

28 U.S.C. §§ 157(b)(2)(E), (J), and (O), and non-core jurisdiction because any recovery from Defendants would have a conceivable effect on the estate.

## DISCUSSION

### A. Subject Matter Jurisdiction

Bankruptcy courts have jurisdiction to hear: (1) cases under title 11; (2) cases "arising under" title 11; (3) cases "arising in" a bankruptcy case; and (4) cases "related to" a bankruptcy case. In re Exide Techs., 544 F.3d 196, 205 (3d Cir. 2008). "The first three categories are 'core' proceedings while the fourth category, 'related to' proceedings, are 'non-core' proceedings." In re Broad St. Media LLC, 2017 WL 5624879, at *10 (Bankr. D.N.J. 2017) (citing Exide, 544 F.3d at 205 (citing Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999)). Core proceedings resemble matters that invoke a substantive right created by the Bankruptcy Code or that arise only in the context of a bankruptcy case. In re IMMC Corp., 909 F.3d 589, 595 (3d Cir. 2018). These matters include claims under sections 542, 544, and 547-549 of the Bankruptcy Code, executory contracts, plan confirmation, motions for stay relief, or nondischargeability actions. Non-core proceedings are expansive and cover:

> all proceedings that are not core proceedings but are nevertheless related to a bankruptcy case . . . . The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . The proceeding need not necessarily be against the debtor or against the debtor's property . . . . A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.

Halper, 164 F.3d at 837 (footnote omitted) (citation omitted) (internal quotation marks omitted). Non-core matters generally include state law claims such as breach of contract, unjust enrichment, breach of fiduciary duty, or tort claims. See Exide, 544 F.3d at 206.

Plaintiff raises several arguments why this Court has "related to" jurisdiction over the Non-Debtor Defendants, including that the claims against the Non-Debtor Defendants will impact Debtor's estate because a judgment will alter the value of the estate.

The Non-Debtor Defendants assert that the Court lacks subject matter jurisdiction because the claims against them are not "related to" Debtor's bankruptcy case. The Non-Debtor Defendants further argue that Plaintiff's alleged claims against them would not an impact on Debtor's estate because the dispute is between non-debtor parties, i.e., Plaintiff and the Non-Debtor Defendants.

### 1. Plaintiff v. Debtor

The Court has jurisdiction over the causes of action set forth in the Amended Complaint to the extent they pertain to Debtor. Plaintiff's claims against Debtor are for non-dischargeability under sections 523(a)(4) and (a)(6) of the Bankruptcy Code. Non-dischargeability is an issue of a substantive right that arises under Title 11, and therefore, the Court has "core" jurisdiction over those aspects of the adversary proceeding. See 28 U.S.C. § 157(b)(2)(I), Halper, 164 F.3d at 836.

### 2. Plaintiff v. Non-Debtor Defendants

The Non-Debtor Defendants cannot be subject to a non-dischargeability complaint because they are not debtors and therefore the claims against the Non-Debtor Defendants do not fall under any of the categories of "core" jurisdiction. See Exide, 544 F.3d at 205. The Court's only possible jurisdiction over Plaintiff's claims against the Non-Debtor Defendants depends on the scope of its non-core, related-to jurisdiction. The Third Circuit dictates that:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy</u>. . . . Thus, the proceeding need not necessarily be against the debtor or debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

6

Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir.1984) (internal citations omitted; emphasis original). The standard set forth in Pacor is further defined as whether the outcome of the case "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997) (citations omitted).

"[I]f the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." Torkelsen v. Maggio (In re The Guild & Gallery Plus), 72 F.3d 1171, 1182 (3d Cir. 1996) (quoting In re Gallucci, 931 F.2d 738, 742 (11th Cir.1991)). See also In re Federal-Mogul Global, Inc., 300 F.3d 368, 382 (3d Cir. 2002) ("The test articulated in Pacor for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceedings inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit.").

The Second and Third Causes of Action seek judgment against Debtor and the Non-Debtor Defendants for breach of fiduciary duty, fraud, and willful and malicious injury. Even if Plaintiff prevailed against the Non-Debtor Defendants, a judgment would have no effect on Debtor's rights, liabilities, options, or freedom of action because Debtor's Chapter 7 case has been fully administered.

In Barnhart v. Demarco (In re Demarco), 454 B.R. 343 (Bankr. E.D. Pa. 2011), the court encountered a similar set of circumstances to this case. In Demarco, the plaintiffs objected to the debtor's discharge and sought recovery against various other non-debtor defendants for alleged violations of certain federal and state law committed in furtherance of an alleged foreclosure rescue scam conceived and guided by the debtor. Id. A non-debtor defendant moved for dismissal of the amended complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), arguing that

7

the plaintiffs' claim against him constituted a non-core proceeding that was not related to the debtor's bankruptcy case. Id. The court determined it lacked jurisdiction over the plaintiffs' claims because the United States Trustee, in a separate but related adversary proceeding, obtained a judgment against the debtor denying his discharge and the Chapter 7 trustee entered a report of no distribution. Id.

The court noted that, in general, once a report of no distribution is issued, a bankruptcy court is divested of its related-to jurisdiction and in those cases, "bankruptcy courts lack jurisdiction over claims against non-debtors because any recovery by plaintiff will not affect the amount of property available for distribution or allocation of property among creditors." Id. at 347. Moreover, the Court stated that to the extent that a plaintiff has joined its section 523 action with claims against third-party, non-debtor entities, it is doubtful that a bankruptcy court would, in a no-asset, Chapter 7 case, retain jurisdiction over the claims against non-debtor entities. Id. at 348 (citing In re Adamson, 334 B.R. 1, 9-10 (Bankr. D. Mass. 2005); First Indiana Bank v. Wilson (In re Wilson), 271 B.R. 511, 514 (Bankr. E.D. Mich. 2001) ("There is no support for the proposition that joint conduct, standing alone, is sufficient to confer jurisdiction.")).

Here, the Chapter 7 trustee issued a Report of No Distribution in the main case on September 23, 2016, which states:

> having been appointed trustee of the estate of the above-named debtor(s), [I] report that I have neither received any property nor paid any money on account of this estate; that <u>I have made a diligent inquiry into the financial affairs of the debtor(s)</u> and the location of the property belonging to the estate; and that <u>there is no property available for distribution from the estate</u> over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.

(Emphasis added.) Since the estate is fully administered, any recovery from the Non-Debtor Defendants cannot conceivably have an effect on the estate because any potential recovery by

8

Plaintiff will not affect the amount of property available for distribution to creditors. See Demarco, 454 B.R. at 348. Plaintiff seems to argue that certain properties were fraudulently transferred. However, only the Chapter 7 Trustee could pursue those actions under the "strong arm" provision of the Bankruptcy Code, and would require additional litigation to resolve. See Federal-Mogul, 300 F.3d at 382; In re Hannah, 316 B.R. 57 (Bankr. D.N.J. 2004).

In addition, the claims asserted against the Non-Debtor Defendants are under section 523(a)(4) and (a)(6) of the Bankruptcy Code. Because the Non-Debtor Defendants are not debtors, they cannot be subject to a non-dischargeability judgment. Section 523 does not apply to the Non-Debtor Defendants and the adversary proceeding against the Non-Debtor Defendants is not related to the bankruptcy case. Therefore, the Motion will be granted as to the Non-Debtor Defendants. See Rahman v. Qureshi (In re Qureshi), 2015 WL 5254717 at *7 (Bankr. D.N.J. 2015).

### B. Other Asserted Grounds for Dismissal

The Motion argues numerous other grounds for dismissal of the Amended Complaint. Several of those relate solely to the Non-Debtor Defendants. The Court does not consider those arguments as the Non-Debtor Defendants will be dismissed for lack of jurisdiction.

Debtor's remaining arguments for dismissal are that: (a) the Amended Complaint asserts facts and causes of action not allowed under the Amendment Order; (b) Plaintiff has failed to state a claim upon which relief can be granted as to count three, under Rule 12(b)(6); and (c) lack of standing.

First, the Court assesses whether Plaintiff violated the Amendment Order by adding new claims in the Amended Complaint that were not in the proposed amended complaint. Debtor argues that the Amended Complaint includes changes, additions, deletions, and other impermissible alterations that violate the Amendment Order. However, during oral argument on February 14, 2019, Plaintiff's attorney argued that the claims are the same but were broken down to make the

paragraphs clearer. He also noted that while Judge Gambardella ruled that any claims against Carol Kopelman could not be in the Amended Complaint, Judge Gambardella did not bar references Kopelman's actions to explain the entirety of the facts.

There was no violation of the Amendment Order. Plaintiff attempted to make the Amended Complaint easier to understand than initially presented and the claims against Debtor for non-dischargeability for his alleged involvement in the mortgage rescue scheme remain unchanged.

Next, the Court considers whether to dismiss the Amended Complaint as to Debtor under Rule 12(b)(6). Pursuant to Rule 12(b)(6), the Court should dismiss a complaint for failure to state a claim upon which relief may be granted. In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) (citing Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

To evaluate a complaint under a motion to dismiss, the court must complete a two-part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 Fed. App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008); Iqbal, 556 U.S. at 678-84). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw

inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. Id.

To survive a motion to dismiss, the complaint must have "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Alleghany, 515 F.3d 224, 234 (3d Cir. 2008) (citations omitted).

Debtor argues that Plaintiff has failed to state a claim for relief in count three. Section 523(a)(4) of the Bankruptcy Code provides that a debtor may not obtain discharge from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In other words, a plaintiff must prove the existence of "(i) a fiduciary relationship and (ii) that a fraud or defalcation occurred while the debtor acted in a fiduciary capacity." JP Morgan Chase Bank v. Tamis (In re Tamis), 398 B.R. 124, 130 (Bankr. D.N.J. 2008).

The common definition of "fiduciary," which suggests a relationship of "confidence, trust and good faith, is too broad for the purposes of bankruptcy law." In re Kaczynski, 188 B.R. 770, 773 (Bankr. D.N.J. 1995). The meaning of "fiduciary" for purposes of section 523(a)(4) is limited to relationships involving express or technical trusts. Id.

Plaintiff has alleged sufficient facts to establish a claim under section 523(a)(4). The parties allegedly agreed to purchase real properties in which they split proceeds 60/40. Debtor was responsible for collecting rent for some of the properties and deposit 60% of the net proceeds in an escrow account for Plaintiff's benefit. Debtor allegedly had a fiduciary duty to deposit and maintain Plaintiff's share of the proceeds in the escrow account. Debtor allegedly refused to pay mortgage on the properties and defaulted. At the time of the default, Debtor still owed Plaintiff a debt balance of $34,098.00. Plaintiff alleges that Debtor fraudulently engaged in a scheme to

deprive Plaintiff of his share of the proceeds when Debtor refused to pay the mortgage and used straw agents to acquire the properties through a shell company owned by Debtor. The Court is satisfied that complaint alleges enough facts to indicate that Debtor engaged in a fraudulent scheme against Plaintiff while acting in a fiduciary capacity. Accordingly, the Court will deny Defendants' Motion to dismiss count three against Debtor.

Finally, Debtor argues Plaintiff does not have standing because Plaintiff previously filed his own Bankruptcy case, and the claims in the Amended Complaint were property of that case's estate. Therefore, according to Debtor, the claims should be brought by the trustee in that case. In a Chapter 7 bankruptcy, generally, all legal claims of the debtor become property of the estate. See 11 U.S.C. § 541(a)(1). And the party with standing to pursue those claims is the Chapter 7 trustee. See Parker v. Wendy's International, 365 F.3d 1268 (11th Cir. 2004), Stramiello-Yednak v. Perl, 2006 WL 1158123, at * 2 (W.D. Pa. 2006), Ramos v. Bonilla, 2006 WL 4452844 (Bankr. D.N.J. 2006), In re Upshur, 317 B.R. 486 (Bankr. N.D. Ga. 2004).

At the close of the bankruptcy case, any property of the estate not abandoned that is not administered in the bankruptcy proceeding remains property of the estate. See 11 U.S.C. § 554(d); Barris v. Midland Funding, 2015 WL 519176, at * 2 (D.N.J. 2015). Causes of action which are not listed on the bankruptcy schedules generally remain property of the estate and the trustee maintains standing to pursue them. Darrah v. Franklin Credit (In re Darrah), 337 B.R. 313, 316 (Bankr. N.D. Ohio 2005) (trustee is the representative of the estate and has the capacity to sue and be sued under section 323(a) and (b) of the Bankruptcy Code).

Judge Gambardella previously denied a motion to dismiss in this case where the threshold issue was whether Plaintiff had standing to commence or maintain the present adversary proceeding against Debtor. Defendants have now extended the argument to apply to the Non-Debtor Defendants. To the extent that denial of the previous motion is not law of the case (at least

as to Debtor), it is premature to dismiss the Amended Complaint on this issue because there are several facts that would have to be established. Moreover, to the extent that the Chapter 7 trustee from Plaintiff's bankruptcy case is the proper plaintiff, that trustee may determine it is appropriate to substitute into this adversary proceeding and pursue these claims; all of which need to be developed through discovery.

## CONCLUSION

For the reasons stated above, the Motion is granted to the extent that the Non-Debtor Defendants will be dismissed from the adversary proceeding. The claims brought against the Non-Debtor Defendants are not related to the bankruptcy case, and therefore this Court lacks jurisdiction. However, the claims brought against Debtor are within this Court's jurisdiction, since adversary proceeding arises under a bankruptcy case. Moreover, the Amended Complaint does not violate the Amendment Order, and alleges sufficient facts to survive Debtor's request for dismissal for failure to state a claim. Finally, it appears that Plaintiff has standing to pursue these claims. Therefore, the Motion is denied as it relates to claims against the Debtor.

The Court will enter an appropriate order.

Dated: November 14, 2019

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE